# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF IOWA
### EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | No. 20-cr-2007-LTS |
| vs. | **REPORT AND RECOMMENDATION** |
| ENERGAE, LP and I-LENDERS, LLC, | |
| Defendants. | |

On December 1, 2020, Mr. Darrell Smith appeared by telephone as a representative of ENERGAE, LP and I-LENDERS, LLC (hereafter "the Corporate Defendants") before the undersigned United States Magistrate Judge by consent and, pursuant to Federal Rule of Criminal Procedure 11, pleaded guilty to Count 1 of the Indictment, Wire Fraud, in violation of 18 U.S.C. Section 1343. After cautioning and examining the Corporate Defendants under oath concerning each of the subjects mentioned in Rule 11, I determined that the Corporate Defendants' decision to plead guilty was knowledgeable and voluntary, and the offense charged was supported by an independent basis in fact containing each of the essential elements of the offense. I therefore **RECOMMEND that the Court ACCEPT Corporate Defendants' guilty plea and adjudge the Corporate Defendants guilty.**

At the commencement of the Rule 11 proceeding, I placed the Corporate Defendants' representative under oath and explained that if he answered any question falsely, the Government could prosecute him and the Corporate Defendants for perjury

or for making a false statement. I also advised the Corporate Defendants that in any such prosecution, the Government could use against them any statements made under oath.

I then asked Mr. Smith a number of questions to ensure he had the requisite mental capacity to enter a plea. I elicited Mr. Smith's full name, age, and extent of education. I also inquired into Mr. Smith's history of mental illness; use of illegal and/or prescription drugs; and use of alcohol. From this inquiry, I determined Mr. Smith was not suffering from any mental disability that would impair Mr. Smith's ability to make a knowing, intelligent, and voluntary guilty plea on behalf of the Corporate Defendants. I also made enquiry of Mr. Smith's relationship to the Corporate Defendants to ascertain his capacity to enter a pleas on their behalf. I also determined that Mr. Smith is currently incarcerated within the Bureau of Prison, has been diagnosed with COVID-19, did not want to travel to appear in person for the hearing and was waiving, on behalf of the corporation, his personal presence in the courtroom for the guilty plea proceeding.

The Corporate Defendants acknowledged receipt of a copy of the Indictment.

I fully advised the Corporate Defendants of all the rights they would be giving up if they decided to plead guilty, including the following:

1. The right to retain counsel at their own expense;;

2. The right to a speedy, public trial;

3. The right to have the case tried by a jury selected from a cross-section of the community;

4. That the Corporate Defendants would be presumed innocent, and would be found not guilty unless the Government could prove each and every element of the offense beyond a reasonable doubt;

5. That the Corporate Defendants would have the right to see and hear all of the Government's witnesses, and the Corporate Defendants would have the right to cross-examine any witnesses called by the Government;

6. That the Corporate Defendants would have the right to subpoena witnesses to testify at the trial;

7. That the Corporate Defendants would have the privilege against self-incrimination: i.e., they could choose to testify at trial, but need not do so; if the Corporate Defendants chose not to testify, then the Court would instruct the jury that it could not draw any adverse inference from their decision not to testify; and

8. That any verdict by the jury would have to be unanimous.

I explained that if the Corporate Defendants pleaded guilty, they would be giving up all of these rights, there would be no trial, and they would be adjudged guilty just as if they had gone to trial and a jury returned a guilty verdict against them.

- **Plea Agreement**

I determined that the Corporate Defendants were pleading guilty pursuant to the Fourth Memorandum of a Proposed Plea Agreement between the United States Attorney's Office and Defendant ("the plea agreement"). After confirming that a copy of the written plea agreement was in front of Mr. Smith, I determined that the Corporate Defendants understood the terms of the plea agreement. I summarized the plea agreement, and made certain the Corporate Defendants understood its terms.

- **Dismissal of Charges**

I explained that the plea agreement provides for dismissal of Counts 2, 3, and 4 of the Indictment if the Corporate Defendants plead guilty to Count 1 of the Indictment, and that a district judge will decide whether or not to accept the sentencing agreement. If the district judge decides to reject the sentencing agreement, then they will have an opportunity to withdraw the guilty plea and instead plead not guilty.

- **Elements of Crime and Factual Basis**

I summarized the charges against the Corporate Defendants and listed the elements of the crime charged. I determined that the Corporate Defendants understood each and

3

every element of the crime.  For the offense to which they were pleading guilty, I elicited a full and complete factual basis for all elements of the crime charged in the Indictment.

- **Sentencing**

I explained to the Corporate Defendants that the district judge will determine the appropriate sentence at the sentencing hearing.  I explained that the Court will use the advisory United States Sentencing Guidelines to calculate the sentence.  I explained that the sentence imposed might be different from what the advisory guidelines suggest it should be.

I explained that a probation officer will prepare a written presentence investigation report and that the Corporate Defendants and will have an opportunity to read the presentence report before the sentencing hearing and will have the opportunity to object to the contents of the report.  Because of the somewhat unique posture of this case, while I ordered a presentence investigation, I authorized the United States Probation office to consider if one was necessary after reviewing the presentence investigation reports in Mr. Smith's cases 16-cr-2002-LTS and 17-cr-2030-LRR and information provided by the United States Attorney's Office.

I further explained that Defendant will be afforded the opportunity to present evidence and be heard at the sentencing hearing.

I advised the Corporate Defendants of the consequences of the guilty plea, including the maximum term of imprisonment, the maximum term of supervised release, and the maximum fine. Specifically, I advised the Corporate Defendants that **Count 1** of the Indictment is punishable by the following maximum penalties:  (1) a term of probation of at least one year but not more than five years; (2) a fine of not more than **$250,000**

I explained that the Corporate Defendants will be required to pay restitution to all victims of Count 1, as well as relevant conduct victims, as a result of the Corporate Defendants' guilty plea as set forth in paragraph 15 of the Plea Agreement.   Each

4

Corporate Defendant has also agreed to forfeit and abandon all shares and assignments of Greenbelt Corporation in the possession of Corporate Defendants, their agents, of the United States and its agencies, as well as any and all items seized by law enforcement from defendants at the time of any arrest or search, including the search of Corporate Defendants' corporate offices in 2013. Each defendant has consented to a forfeiture money judgment in the amount of $2,405,409.68 with a $150,000 credit towards that judgment in light of the surrender of certain purported tax credits. I advised the Corporate Defendants of the collateral consequences of pleading guilty. He acknowledged understanding all of the above consequences.

I also explained that both the Government and the Corporate Defendants have the right to appeal Defendant's sentence.

The Corporate Defendants confirmed that the decision to plead guilty was voluntary; was not the result of any promises; and was not the result of anyone threatening, forcing, or pressuring them to plead guilty. I explained that after the district judge accepts the Corporate Defendants' guilty plea, they will have no right to withdraw the plea at a later date, even if the sentence imposed is different from what they anticipated.

The Corporate Defendants confirmed that they still wished to plead guilty, and did plead guilty to Count 1 of the Indictment.

I find the following with respect to the guilty plea:

1. The Corporate Defendants' plea is voluntary; knowing; not the result of force, threats or promise; and Mr. Smith is fully competent to enter pleas on their behalf.

2. The Corporate Defendants are aware of the minimum and maximum punishment for the count to which the Corporate Defendants pleaded guilty.

3. Corporate Defendant knows of and voluntarily waived Corporate Defendants' jury trial rights.

4. There is a factual basis for the plea.

5. The Corporate Defendants are guilty of the crime to which Corporate Defendants pleaded guilty.

- **Forfeiture**

Pursuant to Federal Rule of Criminal Procedure 32.2(b)(1), I found that the Government had established the requisite nexus between the Corporate Defendants' offense and the items described in the Indictment's forfeiture allegation. I recommend the Court enter a preliminary forfeiture order pursuant to Federal Rule of Criminal Procedure 32.2(b)(2).

I explained that the Parties have fourteen (14) days from the filing of this Report and Recommendation to file any objections to my findings, and that if no objections are made, then the district judge may accept Defendant's guilty plea by simply entering a written order doing so. 28 U.S.C. § 636(b)(1); Fed. R. Crim. P. 59(b). *But see, United States v. Cortez-Hernandez*, 673 Fed. App'x 587, 590-91 (8th Cir. 2016) (per curiam) (suggesting that a Defendant may have the right to *de novo* review of a magistrate judge's recommendation to accept a plea of guilty even if no objection is filed). The district court judge will undertake a *de novo* review of the Report and Recommendation if a written request for such review is filed within fourteen (14) days after this Report and Recommendation is filed.

**DONE AND ENTERED** at Cedar Rapids, Iowa, this 4th day of December, 2020.

_____
Mark A. Roberts, United States Magistrate Judge
Northern District of Iowa

6

Case 6:20-cr-02007-LTS-MAR    Document 33    Filed 12/04/20    Page 6 of 6